## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| <br>LUIS IVAN POBLETE,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. MARSHALS SERVICE, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 16-1800 (ABJ)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff Luis Ivan Poblete has filed this *pro se* action against the United States Marshals Service, Chief Judge Beryl A. Howell, the law firm Hessler Bianco, attorney Patrick Jules, and Channing D. Phillips, the United States Attorney for the District of Columbia. Writ of Mandamus/Prohibition [Dkt. # 1-1] ("Writ"). This case appears to arise out of a civil foreclosure action brought by Residential Credit Opportunities Trust ("the Trust") against Poblete, which is currently pending before Chief Judge Howell. *Id.* ¶ 3; *see also* Public Docket, *Res. Credit Opportunities Trust v. Poblete*, No. 16-cv-0561-BAH (D.D.C.). In the foreclosure action, the plaintiff, Residential Credit Opportunities Trust, is represented by Patrick Jules of Hessler Bianco, and it has filed a motion for summary judgment, which is pending. *See* Mot. for Summ. J. [Dkt. # 6], *Res. Credit Opportunities Trust v. Poblete*, No. 16-cv-0561-BAH.

Poblete initiated this civil action on August 19, 2016 in Superior Court. *See* Writ. The Marshals Service, Chief Judge Howell, and U.S. Attorney Phillips removed the matter to this Court on September 8, 2016. Notice of Removal [Dkt. # 1].

In his writ, Poblete appears to be asserting that the District Court lacks jurisdiction over the foreclosure action brought by the Trust, and he seeks a "writ of mandamus/prohibition"

"immediately arresting action of the inferior Court" "under the authority of the Common Law of England." Writ ¶¶ 2–3.  He asserts that the Trust's law firm, Hessler Bianco, "entered a Void Summons and Complaint" in the foreclosure action, and he "demand[s] the involuntary dismissal and the quashing of said service of process of the said instant matter." *Id.* ¶¶ 6, 10.  He further alleges that the defendants "are acting in fraud and in violation of God's covenant . . . by attempting to enforce an unlawful lien on said real and personal property of [his] estate, in violation of 17 C.F.R. 450 et. seq. and the Holy Covenant of the Creator God," and that "[t]he Federal Court of the District of Columbia is a criminal enterprise." *Id.* ¶¶ 13–14, 16. Specifically, he claims that the District Court "is under the direct supervision of a Judge known to have acted without jurisdiction" – Chief Judge Beryl Howell – and that "any and all Judges and state officers . . . who are under her authority are acting without jurisdiction [and] are acting in conflict with the Federal Constitution." *Id.* ¶ 17.

Poblete also contends that "[t]he Court and the Court officers including but not limited to Plaintiffs [sic] attorney has joined into the action that was conspired against [him] and [his] parents that deprived [them] of [their] citizenship by changing [their] citizenship status from American State Citizens to a U.S. Citizenship," which Poblete insists "is punishable by death pursuant to the 1949 Geneva Convention, Article 3." Writ ¶ 18.  He further alleges that "[t]he courts and its officers including but not limited to Plaintiffs [sic] attorney is involved in the act of 'inland piracy' and 'PRESS-GANGING' which is a criminal offense pursuant to the 1949 Geneva Convention, Article 3." *Id.* ¶ 19.  He supports his writ with an affidavit, in which he avers that "the flesh lives and the blood flows and nothing stands between the Affiant and the divine."  Aff. of Luis Ivan Poblete [Dkt. # 1-1] ¶ 4.

Before this matter proceeds any further, the Court must determine whether it has jurisdiction to hear it. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . [and] essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see also Hagans v. Lavine*, 415 U.S.

528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . . . .") (internal citations and quotation marks omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298 (CKK), 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Insofar as the complaint is even intelligible, it lacks a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

To the extent plaintiff's complaint asks this Court to make a jurisdictional determination or otherwise intervene in the foreclosure action, the Court cannot do so, because "one district court does not have jurisdiction to review the decisions of another district court or federal appellate court, or to take disciplinary action against other federal judges." *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) (citations omitted). Any challenge to the decision that is eventually rendered in the foreclosure action must be brought by filing an appeal to the D.C. Circuit Court of Appeals. *See* 28 U.S.C. § 1291 (the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). Finally, Poblete's claim against Chief Judge Howell fails because a

federal district judge enjoys absolute immunity from suit for acts committed within her judicial jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991).

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: September 13, 2016